```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND


DOUDOU MAMADOU B. JANNEH,            :
               Plaintiff,            :
                                     :
     v.                              :      CA 11-352 ML
                                     :
JOHNSON AND WALES UNIVERSITY,        :
Professor LESLIE KOSKY,              :
Mr. RICHARD BRUSH, Dean of           :
Hospitality College, Ms. SANDRA      :
LAWRENCE, Compliance Officer,        :
Ms. JOAN HANNA, Chairperson of       :
the Grievance Committee,             :
Mr. JOHN J. BOWEN, President of      :
Johnson & Wales University,          :
Mr. JOHN A. YENA, Chairman of        :
the Board, Officer RICHARD           :
BLOCK, Campus Security Police,       :
MS. HINDA LEVIN-KREIGER, Special     :
Needs Advisor, Ms. Mary Magers,      :
Special Needs Advisor, Officer       :
JEFF ROBINSON, Professor DONNA       :
FARIA, Professor VAN LANDINGHAM,     :
and Mr. MARDI CONWELL, Financial     :
Advisor,[1]                          :
               Defendants.           :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Docket ("Dkt.") #2) ("Application") filed by Plaintiff Doudou Mamadou B. Janneh

---

[1] In identifying these Defendants, the Court has corrected certain spelling errors which appear in the caption of the Complaint (Docket ("Dkt") #1). The Court has also only included Defendants who are identified as Defendants in the caption of the Complaint.

("Plaintiff"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Facts**

On August 11, 2011, this Magistrate Judge issued an order denying Plaintiff's Application without prejudice. See Order Denying without Prejudice Application to Proceed without Prepayment of Fees (Dkt. #3) ("Order of 8/11/11" or "Order"). The Order of 8/11/11 required Plaintiff to do two things by September 6, 2011: (1) to file a complete Application, and (2) to file a First Amended Complaint which complied with the Order.[2] See id. at 5-6. The

---

[2] The final paragraph of the Order of 8/11/11 stated:

Accordingly, Plaintiff's Application is **DENIED** without prejudice. Plaintiff may renew his request to proceed without prepayment of fees by: (1) filing a complete application which answers all questions, including question 2.b; and (2) filing a First Amended Complaint which complies with this Order. If Plaintiff fails to do so by September 6, 2011, this Magistrate Judge will recommend that the Application be denied with prejudice and that the action be dismissed.

Order of 8/11/11 at 5-6.

2

Order specifically advised Plaintiff that if he failed to do these things by September 6, 2011, this Magistrate Judge would recommend that the Application be denied with prejudice and that the action be dismissed. Although Plaintiff has filed an Amended Complaint (Dkt. #6), he has not filed a complete application.

## Discussion

As evidenced by the facts recited above, Plaintiff has failed to comply with the Order of 8/11/11. Accordingly, I recommend that the Application be denied with prejudice and that the action be dismissed.

In making this recommendation, the Court is influenced by the fact that Plaintiff appears to have an inability to follow clear instructions. Not only was the requirement to file a complete application specified in the final paragraph of the Order of 8/11/11,[3] the incompleteness of the Application was the first deficiency which the Order identified. Indeed, after identifying the matter before the Court, the Court stated in the very next sentence that:

> The Application is not complete in that Plaintiff has failed to answer question 2.b.

Id. at 1-2. Despite the highlighting of this deficiency, Plaintiff has failed to correct it.

Furthermore, the Order of 8/11/11 specifically instructed

---

[3] See n.2.

3

Plaintiff to title his amended complaint as the "First Amended Complaint." Order of 8/11/11 at 4. However, Plaintiff also failed to follow this instruction and titled the pleading only as the "Amended Complaint," Amended Complaint (Dkt. #6). Plaintiff's non-compliance with the Order of 8/11/11 weighs against allowing this matter to proceed.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that Plaintiff's Application be denied with prejudice and that the action be dismissed. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ *David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
September 12, 2011